**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:   (415) 651-9700

**KAZEROUNI LAW GROUP, APC**
Aryanna Young (SBN: 344361)
aryanna@kazlg.com
2221 Camino Del Rio S, Suite 101
San Diego, CA 92108
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride (SBN: 297557)
ryan@kazlg.com
301 E. Bethany Home Rd., Suite C-195
Phoenix, Arizona 85012
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

*Attorneys for Plaintiff*,
Jasmine C. Adams

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASMINE CHINEYERE ADAMS F/K/A NELLY C. OSUJI,**<br><br>Plaintiff,<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC.; TRANSUNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.**<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**<br><br>**2) CONSUMER CREDIT REPORTING AGENCY ACT, CAL. CIV. CODE §§ 1785 ET SEQ.**<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff is a victim of identity theft.

2. An unauthorized individual unlawfully used Plaintiff's personal information, including her social security number ("SSN") to open a mortgage account when Plaintiff was under the age of 18. The mortgage account is still open and being maintained using Plaintiff's PII.

3. Defendants Equifax Information Services, LLC. ("Equifax"), TransUnion LLC. ("TransUnion"), and Experian Information Solutions, Inc. ("Experian") (or jointly as "Defendants") have been reporting false information regarding Plaintiff's alleged debt.

4. Plaintiff filed a police report with the Elk Grove Police Department and notified Defendants of the identity theft and unauthorized use of her personal information.

5. As alleged herein, Defendants repeatedly failed to investigate Plaintiff's claims of identity theft.

6. Plaintiff has disputed Defendants' reporting, and Equifax, TransUnion, and Experian each failed to do a reasonable reinvestigation into Plaintiff's dispute, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA") and Consumer credit reporting agengy act, Cal. Civ. Code §§ 1785 et seq. ("CCCRAA").

7. JASMINE CHINEYERE ADAMS ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, attorneys fees, and costs, against EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendants") for violations of the FCRA and the CCRAA.

8. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

9. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

10. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

11. Unless otherwise indicated, the use of Defendants' names in this Complaint include all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

12. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

13. At all times relevant, Plaintiff was an individual residing within the State of California.

14. All correspondence referenced herein was sent to Plaintiff at an address located within the State of California.

## FCRA

15. The Fair Credit Reporting Act (FCRA), found at 15 U.S.C. § 1681, et seq., was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …" FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205. The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right

to privacy."[1] The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."

16. Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

17. The Consumer Credit Reporting Agencies Act (CCRAA), the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[2] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

## JURISDICTION AND VENUE

18. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1681p (FCRA), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

---

[1] FCRA, 15 U.S.C. §1681(a)(4)
[2] Cal. Civ. Code § 1785.1(d)

19. This action arises out of Defendants 'violations of: (1) The FCRA, 15 U.S.C. § 1681 et seq. and (2) The Consumer credit reporting agengy act, Cal. Civ. Code §§ 1785 et seq.

20. This Court has personal jurisdiction over Defendants as they do business within the State of California, have sufficient minimum contacts with this state, and otherwise purposefully avail themselves of the markets in the State of California through the promotion, sale, and marketing of their products and services within this state, to render the exercise of jurisdiction by this Court proper.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

22. Plaintiff is natural person who resides in the city of Elk Grove County of Sacramento, State of California. Plaintiff is a "consumer" as defined by 15 U.S.C §1681a(c) as well as a "victim of identity theft" as that term is defined by Cal. Civ. Code §1798.92(d).

23. Defendant Equifax Information Services, LLC. is a Georgia limited liability company operating from an address of 1550 Peachtree Street NE, Atlanta, GA 30309, and is a "person" as defined by 15 U.S.C. § 1681a(b).

24. Defendant TransUnion, LLC. is an Illinois limited liability company operating from an address of 555 West Adams Street, Chicago, IL 60661, and is a "person" as defined by 15 U.S.C. § 1681a(b).

25. Defendant Experian Information Solutions, Inc. is a California corporation operating from an address of 475 Anton Blvd. Costa Mesa, CA 92626, and is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

26. Plaintiff is an individual residing in the County of Sacramento in the State of California.

27. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.
28. Consumers have sent credit disputes to Defendants.
29. Defendants have been sued by consumers and suffered judgments as a result of their failures to correct or remove credit information based on consumer identity theft disputes.
30. In responding to the disputes, Defendants failed to conduct a reasonable investigation of the accuracy of their reporting.
31. Plaintiff is a victim of identity theft.
32. At least three accounts were opened by Plaintiff's mother without Plaintiff's knowledge or authorization.
33. The three unauthorized accounts that Plaintiff is aware of are:
    a. Bread Financial Payments, Inc. d/b/a Comenity Bank Account Number 585637XXXXXX ("Comenity Account");
    b. Capital One, N.A. Account Number 639305XXXXXXX ("Capital One Account"); and
    c. Select Portfolio Servicing Mortgage Account Number 277001XXXXXXXX ("SPS Account") (jointly as the "Accounts")
34. The Select Portfolio Servicing mortgage identified above was opened in April 2005. Plaintiff was eleven years old – she was born in 1994.
35. Plaintiff's mother has the same first and last name as Plaintiff previously had until September of 2022, when Plaintiff legally changed her name.
36. Plaintiff believes her mother used Plaintiff's personal identifying information to apply for and obtain the Accounts at issue here jointly with Plaintiff's father.
37. Plaintiff did not apply for the Accounts.
38. Plaintiff did not give permission for her personal identifying information to be used to apply for the Accounts.

39. On or around December 30, 2020, Plaintiff went to the Elk Grove Police Department and made a report of fraud and identity theft ("PR"), stating that her mother has been using her name and social security number since 2002, and that she discovered this on June 29, 2020, when she attempted to purchase a vehicle and was unable to because there was a mortgage (the SPS Account) in arrears on Plaintiff's credit report.

40. On or around May 26, 2021, Plaintiff mailed a full Identity Theft Notification ("IDTN") to Defendants Experian, TransUnion, and Equifax regarding the mortgage at issue.

41. The IDTNs contained a letter disputing the account information and informing all recipients that Plaintiff was a victim of identity theft.

42. The IDTN letter requested that all recipients investigate the account and ID theft within 30 days of receipt of the letter, and requested confirmation that Plaintiff would no longer be responsible for the account(s) opened using her personal information without her permission.

43. The IDTNs included the following as enclosures: FTC Affidavit of Identity theft, PR, California ID for Plaintiff, Plaintiff's driver's license, address verification, a handwriting sample, and an annotated copy of Plaintiff's credit reports with the disputed items circled.

44. Equifax sent Plaintiff two letters dated June 11, 2021. The first, asking Plaintiff to send documentation she had already provided, as well as some additional documentation. The second, stating that it received Plaintiff's request and to "be advised that Equifax, at this time and pursuant to Section 650B(c) of the Fair Credit Reporting Act, is not blocking the information subject to the submitted Identity Theft Report and/or Police Report you provided as part of your dispute."

45. TransUnion sent Plaintiff a letter in June of 2021 asking Plaintiff to send documentation she had already provided, as well as some additional documentation.

46. Experian sent Plaintiff a letter dated June 2, 2021, asking Plaintiff to send documentation she had already provided, as well as some additional documentation.

47. On or around June 29, 2021, Plaintiff mailed a second IDTN and notice of dispute to Equifax, with the additional information that Defendant was requesting.

    a. This IDTN had enclosed the March 3, 2021 Equifax report, the original Investigation report from December 30, 2020, a copy of Plaintiff's social security card, a copy of Plaintiff's driver's license, and a full copy of the May 26, 2021, IDTN Plaintiff had previously sent to Equifax.

48. Equifax received the second IDTN on July 2, 2021.

49. Equifax sent Plaintiff a letter dated July 7, 2021, asking for additional documentation which she had already provided, including a copy of Plaintiff's social security card.

50. Equifax sent Plaintiff a letter dated July 9, 2021, which notified her of the reinsertion of previously disputed information.

51. Finally, on or around December 3, 2021, Plaintiff mailed a third IDTN and notice of dispute to Equifax.

    a. This IDTN and notice of dispute had enclosed the March 3, 2021, Equifax report, the original Investigation report from December 30, 2020, a copy of Plaintiff's social security card, a copy of Plaintiff's driver's license, and a full copy of the first and second, IDTN and notice disputes Plaintiff had previously sent to Equifax.

52. The inaccurate information is still showing on Plaintiff's Equifax and Experian reports.
53. Defendants have refused to investigate Plaintiff's numerous claims of identity theft, instead continuing to ask for documentation that was already provided, and has continued to report or reinstate the alleged debt to Plaintiff's credit report(s).
54. Defendants have maintained that Plaintiff owes the alleged debt.
55. Simply put, Plaintiff is the victim of identity theft with respect to the unlawfully opened Accounts using Plaintiff's personal information and has filed a police report expressly claiming such. That police report has been provided to Defendants. Defendants have failed to stop reporting the alleged debt despite knowing that the alleged debt was the result of identity theft.
56. Defendants ignored Plaintiff's disputes and instead continued to report the alleged debt to Plaintiff's credit report(s) despite knowing that the Accounts were opened without Plaintiff's permission, and thus the debt was created as a result of identity theft.
57. Plaintiff did not consent to the use of her personal information to open the fraudulent Accounts that Defendants are reporting on Plaintiff's credit report.

## ACTUAL DAMAGES

58. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage.

59. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress enacted the FCRA to protect consumers from precisely the conduct described in this Complaint. Congress found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Defendants violated 15 U.S.C. §1681i by failing to fully and properly investigate Plaintiff's disputes.

62. Defendants understood the nature of Plaintiff's disputes when it received Plaintiff's numerous disputes.

63. As a result of the conduct, actions and inactions of Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.
64. Plaintiff was injured as a result of Defendants' inaccurate reporting.
65. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.
66. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants..

## COUNT II
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681E(B)

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
68. Upon information and belief, Defendants did not follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in violation of 15 U.S.C § 1681e(b).
69. Defendants' unreasonable procedures resulted in several inaccuracies on Plaintiff's credit reports.
70. Plaintiff was injured as a result of Defendants' inaccurate reporting.

71. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

72. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants..

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

   a) An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. §§ 1681n and 1681o.

   b) An award of statutory damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

   d) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files;

   e) An order directing that each Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information;

   f) An award of punitive damages; and

g) Award to Plaintiff of such other and further relief as may be just and proper.

**TRIAL BY JURY**

73. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 27, 2023                    Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**


                                        By   /s/Ryan L. McBride
                                             Ryan L. McBride, Esq.
                                        Attorney for Plaintiff